# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY SIMPSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLAIRE SOLIS, et. al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CV F03 5029 AWI LJO P<br><br>ORDER STRIKING REQUEST FOR EXTENSION OF TIME AND MOTION FOR APPOINTMENT OF COUNSEL FROM RECORD (Doc. 47, 48.) |

　　　　On April 25, 2005, this Court issued Findings and Recommendations that Defendant's Motion for Summary Judgment be granted. Plaintiff filed Objections to the Report and Recommendation on May 10, 2005.

　　　　On July 11, 2005, the Court received a Motion for the Appointment of Counsel and a Request for an extension of time. However, in the request for an extension of time, Plaintiff does not state the purpose for which he is seeking additional time. As noted above, the record shows that Plaintiff has filed objections and there are no outstanding deadlines for Plaintiff to meet that the Court could grant more time.

　　　　With regard to his request for appointment of counsel, Plaintiff states that he needs representation in this matter. However, again, as noted above, the Court has already issued its Recommendation that the Motion be granted and Plaintiff himself has already submitted his Objections to the Findings and Recommendations. Thus, the Court is unclear what sort of assistance counsel could provide at this late stage in the proceedings.

　　　　In any event, the court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law it is faced with similar cases almost daily. At this late stage in the proceedings, the Court has already made a determination that Plaintiff's case cannot succeed on the merits.[1] Terrell, 935 F.2d at 1017. Accordingly, the Motion for Appointment of Counsel must be denied.

The Court notes further that Plaintiff did not serve the opposing party as required by the Federal and Local rules. Pursuant to the Local Rules and the Federal Rules of Civil Procedure, all pleadings filed with the Court must be served on the opposing party. Local Rule 5-135(b); Fed.R.Civ.P. 5. Accordingly, the pleadings must be stricken from the record for Plaintiff's failure to provide the opposing party with notice of his requests.

The Court HEREBY ORDERS:

1. The motion for Appointment of Counsel and Request for Extension of time are ORDERED STRICKEN from the record.

IT IS SO ORDERED.

**Dated:   July 15, 2005**                    /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's complaint in due course.