UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY SIMPSON,<br><br>          Plaintiff,<br>vs.<br><br>CLAIRE SOLIS, et al.,<br><br>          Defendants.<br>_____/ | 1:03-cv-05029-AWI-LJO-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 43)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** (Doc. 34)<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT** |

      Plaintiff, Shelby Simpson ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On April 25, 2005, the Magistrate Judge filed Findings and Recommendations that recommended Defendants' motion for summary judgment be granted. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.

      On May 10, 2005, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations. On May 24, 2005, Defendants filed a reply/response to Plaintiff's objections. On July 18, 2005, Plaintiff filed a reply to Defendants' reply/response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections and reply briefs, the court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff objects to the Magistrate Judge's finding that Registered Nurses Borbolla, Solis, and Edmond ("Defendant Nurses") were not deliberately indifferent to Plaintiff's medical needs. Plaintiff had ankle surgery on July 20, 2001. Between August 8 and August 17, Plaintiff saw Defendant Nurses. Plaintiff claims that he asked Defendant Nurses to see a doctor and complained that his wound was infected. Defendant Nurses provide evidence that when they examined the wound, it was not infected. On August 23, 2001, Plaintiff fell in the shower. The undisputed facts reveal that when Defendant Borbolla cleaned the wound, she diagnosed the wound as being infected. Plaintiff was then treated for the infection by Dr. Smith on August 24, 2001. Eventually, Plaintiff was required to under go another surgery to remove dead skin and scar tissue.

The Magistrate Judge found that Plaintiff failed to show deliberate indifference by Defendant Nurses. This court agrees. "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment . . ." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Toguchi, 391 F.3d at 1057. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer, 511 U.S. at 837.

Here, Defendant Nurses have provided evidence that when they examined Plaintiff's wound, they did not find an infection. Plaintiff claims he did have an infection. A "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996). Thus, Plaintiff's disagreement with the Defendant Nurses' medical evaluations is insufficient.

To survive a motion for summary judgment on the issue of deliberate indifference a plaintiff must "put forward specific, nonconclusory factual allegations that establish the improper motive for the defendant's actions or omissions. Jeffers v. Gomez, 267 F.3d 895, 911 (9th Cir.2001) (internal quotations and citations omitted). Mere speculation does not create a factual dispute for purposes of summary judgment. Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir.1996). In his objections, Plaintiff argues that the fact he was eventually diagnosed with an infection is evidence that there was an infection earlier, when Defendant Nurses examined him. Plaintiff argues the infection could not have just "appeared" within 24 hours prior to it being diagnosed on August 24, 2001. Here, the fact Plaintiff eventually was diagnosed with an infection is circumstantial evidence that he might have had the infection earlier. However, the infection was first diagnosed on August 23, 2001. Prior to that date, Plaintiff had not been seen since August 17, 2001. Thus, even assuming the infection could not have "appeared" within 24 hours, six days had past between the infection being diagnosed and Plaintiff's last visit with a Defendant Nurse.

Even if the court assumes Plaintiff has created a disputed issue of fact on when the infection occurred earlier, Plaintiff has not shown deliberate indifference on the part of Defendant Nurses. The court can presume the infection was present when Defendant Nurses examined Plaintiff and still find no deliberate indifference. The subjective component of deliberate indifference focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839. If the prison official should have been aware of the risk, but was not, the official has not violated the Eighth Amendment, no matter how severe the risk. Toguchi, 391 F.3d at 1057; Gibson, 290 F.3d at 1188. Defendant Nurses provide evidence that they were not aware of any infection. "Deliberate indifference to medical needs may be shown by

1  circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually
2  knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003).
3  However, summary judgment is still appropriate if the plaintiff does not raise a material question
4  of fact regarding the obviousness of the risks the defendant ignored. Toguchi, 391 F.3d at 1057
5  n.4. Here, Plaintiff presents no issue of triable fact regarding Defendant Nurses' awareness of a
6  substantial risk to Plaintiff's health nor evidence Defendant Nurses disregarded that awareness.
7  Given the evidence on how Plaintiff's wound was anticipated to heal, the court cannot find that
8  any possible infection which occurred earlier than August 23, 2001 was so obvious that the court
9  can conclude Defendant Nurses clearly knew Plaintiff had an infection.   At best, Plaintiff has
10 created a disputed issue of fact on whether Defendant Nurses were negligent in not diagnosing
11 the infection earlier. Mere negligence in diagnosing or treating a medical condition, without
12 more, does not violate a prisoner's Eighth Amendment rights. Toguchi, 391 F.3d at 1057. Thus,
13 the court agrees with the Magistrate Judge that there is no disputed issue of fact on whether
14 Defendant Nurses were deliberately indifferent.

15      Plaintiff also objects to the Magistrate Judge's conclusions regarding Plaintiff's Eighth
16 Amendment claim against Defendant Rodriguez.   Following Nurse Edmund's direction,
17 Defendant Rodriguez took Plaintiff's crutches away.  Defendant Rodriguez was arguably made
18 aware of Plaintiff's need for the crutches because Plaintiff provides evidence that he told
19 Defendant Rodriguez he still needed the crutches.  If Defendant Rodriguez had checked
20 Plaintiff's records, he would have found that Plaintiff did have a medical chrono for the crutches.
21 In light of Defendant Rodriguez's knowledge that Plaintiff may have needed the crutches based
22 on Plaintiff's statements, the Magistrate Judge declined to find no disputed issue of fact
23 regarding Defendant Rodriguez's deliberate indifferent.  However, the Magistrate Judge
24 concluded Defendant Rodriguez was entitled to qualified immunity because a reasonable officer
25 would not have known he was violating Plaintiff's rights by following the nurse's directions.

26      A public official is entitled to qualified immunity if the law governing the official's
27 conduct was not clearly established, or if under clearly established law he could have reasonably
28 believed that his conduct was lawful. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.2001). A

court required to rule upon the qualified immunity issue must address two steps. In the first step, the court must answer the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001); Johnson v. County of Los Angeles, 340 F.3d 787, 792 (9th Cir. 2003). If the answer is affirmative, the next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201; Johnson, 340 F.3d at 792. The Supreme Court emphasized that the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 201. If the answer is negative, the official is entitled to qualified immunity.

The relevant inquiry in determining qualified immunity is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted, see Saucier, 533 U.S. at 202, or "whether the state of the law [at the time of the challenged action] gave 'fair warning' to the officials that their conduct was unconstitutional." Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (quoting Hope v. Pelzer, 536 U.S. 730, 740 (2002)). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case." Saucier, 533 U.S. at 201. The general law regarding the medical treatment of prisoners was clearly established at the time of the incident. Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992). It was also clearly established that a correctional officer could not intentionally deny or delay access to medical care. Estelle, 429 U.S. at 104-05. However, the law was not clearly established that an officer following a nurse's directions regarding medical care would be deliberately indifferent if a prisoner informed the officer the nurse was incorrect. Finding a prison guard deliberately indifferent based on information given to him by a prisoner in conflict with directions from a nurse, would be an extension of deliberate indifference that would not be known to the reasonable officer. Qualified immunity allows for protection from mistaken judgments and protects "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam). Defendant Rodriguez's decision to carry out the nurse's directives despite Plaintiff's statements that the nurse was wrong was, at best, a mistake

in judgment and was not incompetent or a knowing violation of the law. Thus, Defendant Rodriguez is entitled to qualified immunity.

The Supreme Court has emphasized that evidence of improper motive underlying an alleged constitutional violation cannot be used to rebut a defense of qualified immunity. Crawford-El v. Britton, 523 U.S. 574, 588 (1998) (noting that "[e]vidence concerning the defendant's subjective intent is simply irrelevant" to qualified immunity defense). However, a defendant's mental state is relevant "where it is an element of the alleged constitutional violation" and thus is an essential component of the plaintiff's affirmative case. Id. at 589; Jeffers, 267 F.3d at 911. In order to survive summary judgment, a plaintiff must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury." Crawford-El, 523 U.S. at 598 (internal quotations omitted). Here Defendant Rodriguez had been directed by Nurse Edmund to take Plaintiff's crutches away but had been told by Plaintiff he still needed the crutches. Plaintiff has failed to provide evidence that Defendant Rodriguez knew following the nurse's instructions would subject Plaintiff to serious harm.

Plaintiff also contends there is a disputed issue of fact on whether Nurse Edmond told Defendant Rodriguez to confiscate the crutches. Plaintiff cites to Nurse Edmond's inability to remember whether she gave such a direction. However, as pointed out by Defendants, Nurse Edmond's inability to remember whether she gave this direction does not create a disputed issue of fact in light of Defendant Rodriguez's testimony that she did give him this direction. Thus, there is no a disputed issue of fact on whether Nurse Edmond directed Defendant Rodriguez to confiscate the crutches. Thus, the court agrees with the Magistrate Judge's conclusion that Defendant Rodriguez is entitled to qualified immunity.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 25, 2005, are ADOPTED IN FULL;

2. Defendants' motion for summary judgment, filed September 23, 2004, is GRANTED;

6

1       3.    The Clerk of Court is DIRECTED to enter Judgment in accordance with this
2  Order; and
3       4.    This Order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:**   **August 26, 2005**                    **/s/ Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE