# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARE SOLIS, et. al.,<br><br>    Defendants.<br>_____/ | CV F 03 5029 AWI LJO P<br><br>ORDER REGARDING DISMISSAL BY NINTH CIRCUIT FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO FILE RECEIVED LETTER FROM PLAINTIFF |

    On April 25, 2005, the Magistrate Judge issued Findings and Recommendations that the Motion for Summary Judgment filed by Defendants be granted. (Court Doc. 43.) The Findings addressed specifically Plaintiff's Eighth Amendment medical claim for lack of adequate medical care by Defendants Borbolla, Solis and Edmond and the allegation that Defendant Rodriguez was deliberately indifferent to his medical needs for confiscating crutches even though Plaintiff had informed him he had a medical chrono authorizing their use. The Magistrate Judge further recommended that Defendant be granted qualified immunity based on the Defendant's defense of having only followed Nurse Edmond's instruction that the crutches be confiscated. Id. The District Judge adopted the Findings and Recommendations to grant the Motion for Summary

1

Judgment and dismissed the case on August 29, 2005. (Court Doc. 51.) Judgment was entered the same day. (Court Doc. 52.)

Plaintiff filed a Notice of Appeal on September 26, 2005. (Court Doc. 54.) On October 10, 2006, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Court Doc. 60.) The Court stated that neither the Findings and Recommendations nor the District Judge's Order Adopting the Recommendation disposed of Plaintiff's allegation that Defendant Edmond acted with deliberate indifference by ordering Defendant Rodriguez to take away the crutches. As such, the Court concluded that the Summary Judgment Order was not a "final decision." under 28 U.S.C. § 1291. Id.

On October 4, 2006, the Clerk of Court received a letter from Plaintiff Simpson requesting information regarding his case and appeal. Plaintiff stated that he believed his case had concluded in the District Court and thus, he was confused by the Ninth Circuit's Order dismissing for lack of jurisdiction. Plaintiff is correct that the District Judge dismissed the case in its entirety and directed the Clerk of Court to enter judgment.

In light of the Ninth Circuit's Order, this court has again examined the record in this case in an effort to determine whether the case was dismissed prematurely. According to the Court docket, this court screened the case as is required by the Prison Litigation Reform Act (28 U.S.C. § 1915A) and issued an Order requiring Plaintiff to either file an Amended Complaint curing deficiencies outlined by the court or inform the court that he wished to proceed on the claims found cognizable. (Court Doc. 7.) In that Order, the court recited the allegations raised in the Complaint and identified the claims raised. The court held specifically that Plaintiff raised an Eighth Amendment medical care claim for the allegations that Defendants Solis, Borbolla and Edmond failed to provide him with adequate medical treatment for his ankle injury and that Defendant Rodriguez violated his Eighth Amendment rights by confiscating his medically authorized crutches. With respect to Defendant Edmond, the Complaint specifically alleged that Defendant Edmond had examined him on August 13, 2001, to change the dressing on his wound and informed him that it would "heal from the inside out." (Compl. At 7:5-11) However, with regard to the taking away of crutches, the Complaint alleged only that on October 10, 2001,

1 Defendant Rodriguez confiscated his crutches while he was showering and when Plaintiff
2 informed him that he was authorized to have them, Defendant Rodriguez responded that Nurse
3 Edmond had told him to take them.  Plaintiff did not allege, however, that Defendant Edmond
4 had violated his Eighth Amendment rights by instructing Defendant Rodriguez to take away the
5 crutches.  Plaintiff's only allegation regarding any conduct by Defendant Edmond concerned her
6 failure to provide him adequate medical care.

7 Further, Plaintiff did not inform this court at any time that it was his intention to allege
8 that Defendant Edmond was also liable under the Eighth Amendment for instructing Defendant
9 Rodriguez to confiscate the crutches.  Thus, the Magistrate Judge issued Findings and
10 Recommendations to proceed only on the facts and claims found cognizable per Plaintiff's
11 instructions. (Court Docs. 8, 9.)  The Magistrate Judge also recommended that the remaining
12 Due Process and state law claims be dismissed. Id.  The District Judge adopted the Findings and
13 Recommendations on August 29, 2003. (Court Doc. 13.)

14 Defendants moved for Summary Judgment on September 23, 2004.  (Court Doc. 34.)
15 Plaintiff filed an Opposition to the Motion on November 10, 2004.  (Court Doc. 40.)  A Reply to
16 the Opposition was field by Defendants on November 18, 2004. (Court Doc. 41.)  As stated
17 above, the Magistrate Judge issued Findings and Recommendations on April 25, 2005,
18 addressing the Eighth Amendment Claim against Defendants Solis, Edmonds, Borbolla and
19 Rodriguez and the District Judge adopted those findings on August 29, 2005. (Court Docs. 43,
20 51, 52.)

21 The Ninth Circuit's Order is correct that this court did not address the allegation that
22 Defendant Edmond violated Plaintiff's Eighth Amendment rights for directing Defendant
23 Rodriguez to confiscate Plaintiff's crutches.  That is because this court did not find such an
24 allegation in the Complaint.  The allegation made was that Defendant Rodriguez violated
25 Plaintiff's rights by confiscating the crutches and the information that he was directed to do so,
26 was in response to Plaintiff's informing Defendant Rodriguez that he was medically authorized
27 to have them.

28 In addition, Plaintiff did not, at any time, inform this court that he intended to allege that

3

Defendant Edmond was also liable under the Eighth Amendment for her direction to Defendant Rodriguez despite having the opportunity to do so in his Response to this court's initial Order regarding the claims raised (Court Doc. 8.), his Opposition to the Motion for Summary Judgment (Court Doc. 40), or Objections to the Findings and Recommendations (Court Doc. 44).  Further, Plaintiff did not seek permission to reopen his case on the basis that one of his allegations was not addressed.  Instead, Plaintiff filed a Notice of Appeal and when the Court dismissed his appeal for lack of jurisdiction, Plaintiff contacted this court by letter asking for clarification because he too believed that this court had resolved all of his claims and his case was over.  (Letter received October 13, 2006.)

The Ninth Circuit's Order dismissing the appeal cites to Chacon v. Babcock, 640 F.2d 221, 222 (9th Circ. 1981).  In Chacon the Court permitted the Plaintiff to amend his Complaint to include a second claim for relief.  However, the Government did not seek to amend or extend its pending Motion for Summary Judgment to attack the second claim for relief added by amendment.  Thus, the District Court's dismissal of the case addressed only the original claim even though the second claim "was of record in the court."  Id.  The Court noted further that there was no Rule 54(b) certification allowing for the appeal to proceed on one issue only.  The Court held that without a Rule 54(b) certification, an Order granting partial summary judgment was non-final and thus, the Court lacked jurisdiction to hear the appeal.

In this case, the allegation that Defendant Edmond was deliberately indifferent for having directed Defendant Rodriguez to confiscate Plaintiff's crutches is not a part of the record. On the contrary, the only mention of these facts in the Complaint are with regard to Defendant Rodriguez' response after having been informed by Plaintiff that he was entitled to have the crutches by chrono.  Plaintiff specifically sets the allegations of inadequate medical care by Defendants Edmond, Solis, and Borbolla apart from the Eighth Amendment allegation concerning removal of the crutches by Defendant Rodriguez.   In this second cause of action, Plaintiff does not allege that Defendant Edmond also violated his Eighth Amendment rights by directing Defendant Rodriguez to remove the crutches.  Again, this information is provided only to explain Defendant Rodriguez's response when Plaintiff informed him that he had permission

to have the crutches. As stated above, the allegation identified by the Ninth Circuit is not part of the Complaint, was not identified as a claim for relief throughout these proceedings and according to Plaintiff's most recent communication with this court, continues not to be a claim raised in the Complaint. The allegation is therefore, not "of record" and this court's Order dismissing the Complaint and entry of judgment constitutes a "final decision" for appellate purposes.

In light of the above, the Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to FILE the letter received by Plaintiff on October 13, 2006; and

2. Serve a courtesy copy of this Order on the Ninth Circuit court of Appeals.

IT IS SO ORDERED.

**Dated:   November 19, 2006**              /s/ Anthony W. Ishii
0m8i78                                                    UNITED STATES DISTRICT JUDGE